```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
------------------------------------------------------------------- X

YUSUF SPARKS,

                Petitioner,

      -against-

PAUL CHAPPIUS,

               Respondent.

------------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/29/2020

18-CV-10704 (VEC) (RWL)

ORDER

VALERIE CAPRONI, United States District Judge:

*Pro se* Petitioner Yusuf Sparks filed a petition for a writ of habeas corpus on July 3, 2018, pursuant to 28 U.S.C. § 2254 (the "Petition"). (Dkt. 1). The Court referred this action to Magistrate Judge Lehrburger for the preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b). (Dkt. 9). On October 24, 2019, Judge Lehrburger issued his Report and Recommendation (the "R&R") recommending that the Petition be denied. (Dkt. 17). No objections have been filed. For the following reasons, the Court ADOPTS the R&R, and the Petition is DENIED.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where, as here, no timely objection has been made by either party, "a district court need only find that there is no clear error on the face of the record in order to accept the report and recommendation." *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (quotations omitted); *see also Adams v. New York State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (a district court "may adopt those portions of the

[magistrate's] report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." (quoting Fed. R. Civ. P. 72(b))).  Failure to file timely objections to the magistrate's report constitutes a waiver of those objections both within the district court and on appeal.  *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

The Court finds no clear error in Judge Lehrburger's R&R.  Petitioner's first claim, that the state trial court violated his due process rights by refusing to charge the jury on the defense of justification, is meritless.  Judge Lehrburger applied the correct standard of review under AEDPA to the state courts' decisions to affirm the trial court.  *See* R&R at 21.  Those courts' holdings that no reasonable juror could find that Petitioner had acted in self-defense do not trigger either of AEDPA's exceptions.  *See id.* at 24; 28 U.S.C. § 2254(d)(1)–(2).  The evidence at trial showed that although there had been an earlier altercation between the Petitioner and the victim, some time after the altercation, Petitioner entered a bodega and asked the clerk for a weapon; when the clerk refused, Petitioner exited the bodega and hit the victim in the head with a milk crate.  *See* R&R at 3–4, 22–23; Def.'s Opp. (Dkt. 16-1) at 4.  Those facts are not consistent with self-defense; accordingly, there was no denial of due process by refusing to instruct the jury on justification.  *See* R&R at 21–23.

Petitioner's second claim, that the trial court violated his due process rights by modifying its *Sandoval* ruling, is also without merit.  The Court of Appeals affirmed the conviction because it found that any error in the trial court's ruling was harmless.  *See id.* at 25.  Judge Lehrburger did not err in finding that this decision was not contrary to, or an unreasonable application of, clearly established federal law.  *See id.* at 25–29.  As a result of the trial court's modified

*Sandoval* ruling, the prosecution was allowed to cross-examine Petitioner about the details of a past second-degree attempted robbery conviction.  *See id.* at 5–6.  That testimony—mitigated by an instruction limiting how the jury could use that testimony—was a minor event in a case with overwhelming evidence against Petitioner.  *See id.* at 26–28.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED.  The Court declines to issue a certificate of appealability.  Petitioner has not made a substantial showing of a denial of a federal right pursuant to 28 U.S.C. § 2253(c), and appellate review is therefore not warranted.  *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005).  In addition, because the R&R gave the parties adequate warning, *see* R&R at 30, the parties' failure to file written objections to the R&R precludes appellate review of this decision.  *See Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008).  Accordingly, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and permission to proceed *in forma pauperis* for purposes of appeal is denied.

The Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

**Date:  May 29, 2020**             **VALERIE CAPRONI**
**New York, New York**              **United States District Judge**